JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jimmie Johnson, appeals from the trial court's judgment, entered after a guilty plea, sentencing him to an agreed-upon sentence of nine years incarceration. Johnson contends that his plea was not knowingly, voluntarily, or intelligently made, because, prior to entering his plea, the trial court did not tell him that he was waiving his right to "confront his accusers" at trial, and did not ask him whether the plea was coerced. We affirm.
 {¶ 2} Johnson and his mother, Rosa Stephens, were indicted in Case No. CR-483066 on a multi-count indictment charging possession and trafficking in crack cocaine in an amount exceeding 1,000 grams, with major drug offender specifications; possession and trafficking in powder cocaine in an amount between 500 and 1,000 grams; and possession of criminal tools. Johnson was also indicted for failure to comply with an order or signal of a police officer and co-defendant Stephens was charged with permitting drug abuse. In Case No. CR-484956, Johnson was charged with theft.
 {¶ 3} At the plea hearing in November, 2006, the prosecutor explained that this was a joint plea: in exchange for Johnson's guilty plea in Case No. CR-484956 to theft, and in Case No. CR-483066 to amended count three, trafficking in crack cocaine in an amount between 25 and 100 grams, and count four as indicted, trafficking in powder cocaine in an amount between 500 and 1,000 grams, the remaining counts against Johnson would be dismissed, and the case against *Page 4 
Johnson's mother would be dismissed in its entirety. The prosecutor explained that the agreed-upon sentence was nine years in Case No. CR-483066, and six months in Case No. CR-484956, to be served concurrent with the nine-year sentence. In addition, Johnson was to be allowed time to get his affairs in order over the holidays before reporting for remand.
 {¶ 4} Counsel for Johnson then stated that he had explained to Johnson the constitutional rights he would be waiving by pleading guilty, the possible sentences for the crimes as indicted, and the agreed-upon sentence.
 {¶ 5} After dismissing the charges against Johnson's mother, the trial judge advised Johnson of the constitutional rights he would be waiving by entering a guilty plea. After Johnson entered his plea, the trial judge proceeded immediately to sentencing. Johnson appeared for remand on the required date; this appeal followed.
 {¶ 6} In his first assignment of error, Johnson contends that he was denied due process of law in entering his plea, because the trial court did not advise him of all the constitutional rights he was waiving by entering his plea.
 {¶ 7} Under Crim.R. 11(C)(2), a court shall not accept a guilty plea without first addressing the defendant personally and:
 {¶ 8} "Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining *Page 5 
witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 9} With respect to constitutional rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, paragraph two of the syllabus. "Talismanic words" are not necessary to satisfy Crim.R. 11(C)(2). State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399, citing Ballard, supra.
 {¶ 10} The transcript of the plea hearing in this case reflects that the trial judge asked Johnson whether he understood that by pleading guilty he would waive certain constitutional rights; Johnson answered affirmatively. With respect to his right to confront his accusers, the trial judge asked Johnson, "[d]o you understand you have a right to cross-examine witnesses?" Johnson replied, "[y]es, your Honor."
 {¶ 11} Johnson argues that this advisement did not strictly comply with the dictates of Crim.R. 11(C)(2)(c) that he be advised of his right to "confront his accusers," and, therefore, his plea was not knowingly, voluntarily, and intelligently made.
 {¶ 12} This court considered the same argument in State v.Millhouse, Cuyahoga App. No. 79910, 2002-Ohio-2255, where the trial court likewise asked the *Page 6 
defendant, before he entered his guilty plea, "[d]o you understand that you have the right to cross-examine witnesses?" Rejecting the defendant's argument that the trial court had failed to inform him that he would waive his right to confront his accusers by entering a guilty plea, this court stated:
 {¶ 13} "[realizing that the right to confront witnesses against a defendant is done by the process of cross-examination of witnesses called by the state to testify against the accused, the record here supports the conclusion that the court explained and that [appellant] knew he would waive the right to confront witnesses against him by entering his guilty pleas."
 {¶ 14} Appellant's assignment of error is overruled.
 {¶ 15} In his second assignment of error, Johnson contends that the trial court did not comply with Crim.R. 11(C)(2), because it did not question him to determine whether anyone had threatened or coerced him into pleading guilty. Johnson asserts that such questioning was particularly important in this case, because his plea was a "package deal" plea involving the dismissal of charges against his mother, and "package deals" are particularly susceptible to coercion. In determining whether the trial court has complied with Crim.R. 11(C)(2), reviewing courts distinguish between constitutional and non-constitutional rights.Ballard, supra. Under the broader standard for non-constitutional rights, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2). Substantial compliance means that "under the totality of the *Page 7 
circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108; State v. Stewart (1977), 51 Ohio St.2d 86, 94. Moreover,
 {¶ 16} "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is `whether the plea would have otherwise been made.'" State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 11-12, quoting Nero, supra.
 {¶ 17} Here, even assuming, without deciding, that the trial judge should have asked Johnson whether anyone had threatened or coerced him to plead guilty, there is no evidence whatsoever that Johnson was prejudiced by his plea. First, he does not even argue that he would not have pled guilty if the trial judge had asked him about coercion. Moreover, the record demonstrates that Johnson benefitted from his plea by avoiding a potentially much longer period of incarceration than the agreed-upon sentence of nine years. In addition, the charges against his mother were dismissed. We find nothing in the record to indicate that Johnson was coerced into pleading guilty, much less that he was prejudiced by his plea.
 {¶ 18} Appellant's second assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 8 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1