JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Jimmie Johnson, appeals the trial court's June 13, 2008 judgment denying his motion to withdraw his guilty plea. We affirm.
 {¶ 2} The record before us demonstrates that in Case No. CR-483066, Johnson and his mother, Rosa Stephens, were charged with the following: two counts of possession of drugs, one with a major drug offender specification; two counts of drug trafficking, one with a major drug offender specification; and possessing criminal tools. Johnson was also charged with failure to comply with the order or signal of a police officer, and Stephens was also charged with permitting drug abuse. Further, in Case No. CR-484956, Johnson was charged with theft.
 {¶ 3} On November 22, 2006, Johnson pleaded guilty to the indictment in Case No. CR-484956 (theft), and in Case No. CR-483066 to an amended count three (trafficking in crack cocaine in an amount between 25 and 100 grams), and count four as indicted (trafficking in powder cocaine in an amount between 500 and 1,000 grams). In exchange for Johnson's plea, the remaining counts against him were dismissed, and the case against Stephens was dismissed in its entirety. Johnson and the State agreed to a sentence of nine years in Case No. CR-483066, and six months in Case No. CR-484956, to be served concurrent with the *Page 4 
nine-year sentence. The trial court imposed the agreed-upon sentence that same day, November 22, 2006.
 {¶ 4} On February 21, 2007, Johnson filed a motion to withdraw his plea and on February 22, 2007, he filed a notice of appeal.[1] In his motion, he contended that his plea was coerced, and that his counsel was ineffective for not pursuing an entrapment defense. The court denied the motion.
 {¶ 5} In his appeal, Johnson contended that his pleas were not knowingly, intelligently, and voluntarily made because the court did not advise him of all his constitutional rights (specifically, the right to confront his accusers), and the court failed to inquire whether he was threatened or coerced into entering the plea. This court rejected both of Johnson's arguments in an opinion dated February 7, 2008. State v.Johnson, Cuyahoga App. No. 89464, 2008-Ohio-446.
 {¶ 6} On February 29, 2008, Johnson filed in the trial court the same motion to withdraw his plea that he had filed in February 2007. The motion was again denied, and Johnson has again appealed.
 {¶ 7} In his first three assignments of error, Johnson contends that his plea was coerced. In his fourth assignment of error, Johnson contends that his counsel was ineffective for not pursing an entrapment defense. In his fifth and final assignment of error, Johnson contends that the court erred by not having a hearing on his motion to withdraw his plea. *Page 5 
 {¶ 8} Res judicata is the "`[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.'" Holzemer v. Urbanski (1999), 86 Ohio St.3d 129, 132,1999-Ohio-91, 712 N.E.2d 713, quoting Black's Law Dictionary (6th Ed. 1990) 1305. Further, issues that could have been raised on direct appeal and were not are res judicata and not subject to review in subsequent proceedings. State v. Hutton, 100 Ohio St.3d 176,2003-Ohio-5607, 797 N.E.2d 948, ¶ 37; State v. D'Ambrosio (1995),73 Ohio St.3d 141, 143, 1995-Ohio-129, 652 N.E.2d 710.
 {¶ 9} Here, Johnson either raised the issues he now challenges or could have raised them in his direct appeal. As such, the issues are barred by res judicata; hence the first, second, third, and fourth assignments of error are overruled.
 {¶ 10} The fifth assignment of error, contending that the trial court erred by not holding a hearing on Johnson's motion, is also overruled. In considering a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. State v.Wilkey, Muskingum App. No. CT2005-0050, 2006-Ohio-3276, ¶ 25. *Page 6 
 {¶ 11} The February 2008 motion was identical to the February 2007 motion, which was denied by the trial court. This court has upheld the convictions. Because the issues had already been decided, a hearing was not required.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, PRESIDING JUDGE
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] This court granted Johnson leave to appeal. *Page 1