[Cite as *State v. Crockett*, 2014-Ohio-4576.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100923**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAI-RON R. CROCKETT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574520

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Andrew J. Santoli
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Tai-Ron Crockett ("appellant"), appeals from his convictions for murder with a firearm specification and felonious assault.

{¶2} On May 11, 2013, the appellant had a verbal altercation with his mother's boyfriend, Orlando Smith. Appellant shot Smith, striking him in the face, shoulder, and neck. Smith subsequently died of his injuries. Appellant was indicted pursuant to a six-count indictment. Count 1 of the indictment charged appellant with aggravated murder, in violation of R.C. 2903.01(A), with one- and three-year firearm specifications. Count 2 charged appellant with murder, in violation of R.C. 2903.02(B), with one- and three-year firearm specifications. Counts 3 and 4 charged him with felonious assault, in violation of R.C. 2903.11(A)(1), with one- and three-year firearm specifications. Count 5 charged appellant with kidnapping, in violation of R.C. 2905.01(A)(3), with one- and three-year firearm specifications. Count 6 charged him with having weapons while under disability, in violation of R.C. 2923.13(A)(2).

{¶3} On June 19, 2013, trial counsel filed a motion to refer appellant to the psychiatric clinic for an evaluation of his sanity at the time of the act and an evaluation of his competency to stand trial, which was granted on June 24, 2013. On August 28, 2013, the parties stipulated to the findings by the court psychiatric clinic that the appellant was found to be sane and competent to stand trial.

{¶4} On September 25, 2013, the appellant withdrew his previously entered pleas of not guilty and entered pleas of guilty to two of the following amended counts: murder,

in violation of R.C. 2903.02(A), with a three-year firearm specification; and felonious assault, in violation of R.C. 2903.11(A)(1). The state nolled the remaining charges. The record reveals that the plea to the two counts carried with it an agreed sentence of 23 years to life. During the plea hearing, the state outlined the agreement on the record as follows:

> There's an agreement amongst the parties that a sentence on the felonious assault of count three would run consecutive to the sentence on count two, and that the sentence on count three would be a five-year sentence. So that [appellant] would not have parole eligibility until after serving 23 years on these two counts.

(Tr. 24-25.)

**{¶5}** Appellant's trial counsel then stated:

> [H]e's desirous this morning of entering a plea of guilty to * * * murder, pursuant to 2903.02(A) as amended, with the three-year gun spec, which would carry a life sentence, with the eligibility of 15 years, plus three for the gun, which he understands has to be served first, before he serves any time on the murder.
>
> He understands, Your Honor, * * * he'll plead to the felonious assault, with an agreed sentence of five years consecutive to what I've just stated, as the State of Ohio has set out.

(Tr. 26.)

**{¶6}** The parties further agreed that the two counts would not merge for purposes of sentencing as the record states:

> THE COURT: All right. So, again, I will accept your pleas of guilt and make findings of guilt accordingly. I'll grant the State's request to dismiss the remaining counts in the indictment, also the one-year firearm specification in Count Two, the one and three-year firearm specification in Count Three. Gentlemen, is it also acknowledged that these two offenses would not be allied offenses? [Assistant Prosecutor]?

[Assistant Prosecutor]: Yes. For purposes of the record, felonious assault is not an allied offense of the murder agg. Therefore, it would not merge for purposes of sentencing.

[Defense Counsel]: That's correct, Your Honor.

(Tr. 44.)

{¶7} The trial court also explained the agreed plea and sentence during its Crim.R. 11 plea colloquy and stated:

I understand what the end agreement is here, which is to say, the 23-year sentence to life, and we're going to go over that * * * I'm telling you it's my intention to follow that * * *.

(Tr. 36.)

{¶8} Defendant entered guilty pleas to murder with a three-year firearm specification and felonious assault. A sentencing hearing was held on October 7, 2013. At that time, the prosecuting attorney stated, without objection from defense counsel, that "[t]here are facts to differentiate those two counts and that they are not allied offenses of similar import." The prosecuting attorney also stated, without objection, that the fatal shot was one of the final shots fired.

{¶9} The trial court imposed the agreed sentence of 15 years to life, plus three years for the firearm specification as to Count 2, murder; and imposed the agreed sentence of a consecutive term of five years on Count 3, felonious assault.

{¶10} Appellant now appeals and assigns the following errors for our review:

Assignment of Error One

The appellant's convictions for murder, as charged in Count 2 of the amended indictment, and felonious assault, as charged in Count 3 of the amended indictment, are improper.

### Assignment of Error Two

The trial court committed prejudicial error by accepting the recommended sentence which is contrary to law and is not authorized by law.

**{¶11}** Defendant asserts that the trial court had an independent duty to conduct an allied offense analysis prior to imposing sentence, and that the offenses are part of the same transaction, and therefore, must be merged. The state counters that, in accordance with R.C. 2953.08(D), the sentence cannot be challenged since it was imposed following an agreement by the parties.

**{¶12}** R.C. 2953.08(D) states:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

**{¶13}** In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, the Ohio Supreme Court noted that in accordance with this statute, a sentence that is "contrary to law" is appealable by a defendant; however, "an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence." *Id.*

**{¶14}** The *Underwood* court held, however, that R.C. 2953.08(D) does not bar appellate review of a sentence imposed on multiple counts that are claimed allied offenses of similar import in violation of R.C. 2941.25(A), even where the sentence was jointly recommended by the parties and imposed by the court. The *Underwood* court explained:

> R.C. 2941.25(A) clearly provides that there may be only one conviction for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense. This court has previously said that allied offenses of similar import are to be merged at sentencing. *See State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 43; *State v. McGuire* (1997), 80 Ohio St. 3d 390, 399, 1997-Ohio-335, 686 N.E.2d 1112. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary. Therefore, we conclude that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.

*Id*.

**{¶15}** The *Underwood* court noted, however, that "nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id.* at ¶ 29. Where, however, the record is silent on this issue, and the trial court fails to merge allied offenses of similar import, the defendant has the right to appeal the sentence. *Id*.

**{¶16}** In this instance, the record is not silent. The agreed plea specifically provided that the offenses were not allied for purposes of sentencing. The defense raised

no objection to the prosecuting attorney's statement, prior to imposition of sentence, that "[t]here are facts to differentiate those two counts and that they are not allied offenses of similar import." Therefore, in light of the specific agreement that the offenses were not allied, and as to the total duration of the sentence, the trial court had no duty to merge the sentences. Moreover the agreed sentence imposed herein is authorized by law, because the sentence did not exceed the maximum terms prescribed by statute for the offenses, that is, life in prison with parole eligibility after serving 15 years under R.C. 2903.02(A), three years for the firearm specification under R.C. 2941.145, and a two- to eight-year sentence for felonious assault under R.C. 2903.11(A)(1).

{¶17} The assignments of error therefore lack merit.

{¶18} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, J., CONCURS;

SEAN C. GALLAGHER, P.J., CONCURS (SEE SEPARATE OPINION)

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶19} I concur fully with the judgment and analysis of the majority, but write separately to address what I perceive as the underlying claim raised by appellant's counsel.

{¶20} In my view, counsel is seeking to require that the record demonstrate a factual basis for the stipulation or plea agreement involving the purported separate animus. His argument is that without such a basis, the agreement is essentially contrary to law. He would not uphold stipulations reached in plea scenarios involving allied offenses unless it is clear that the offenses would not merge.

{¶21} Although having a factual basis for the underlying agreement makes sense, the Supreme Court of Ohio has not definitely limited such agreements to date. Further, although many courts have determined that shots fired in rapid succession at one victim are generally merged, this is not absolute. The conduct of the offender, a case-by-case inquiry, is always controlling on the merger analysis, and the Supreme Court recognizes that inconsistencies between cases can and will exist. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

{¶22} Crockett's conduct in this case could arguably be broken down into the minutia between the fatal shot(s) and the non-fatal shot(s), but this was not addressed below. Crockett chose to stipulate to the conduct constituting a separate animus, and thus, as the majority clearly outlines, he has no grounds for appeal.