[Cite as *State v. Crockett*, 2015-Ohio-300.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100923**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TAI-RON R. CROCKETT**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-13-574520
Application for Reopening
Motion No. 480960

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** January 28, 2015

**APPELLANT**

Tai-Ron R. Crockett, pro se
Inmate No. 644-703
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio 44030

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Eric L. Foster
Andrew J. Santoli
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** In *State v. Crockett*, Cuyahoga C.P. No. CR-13-574520, the applicant, Tai-Ron Crockett, pled guilty to murder with a three-year firearm specification and felonious assault, and he was sentenced on those counts. This court affirmed that judgment in *State v. Crockett*, 8th Dist. Cuyahoga No. 100923, 2014-Ohio-4576.

**{¶2}** Crockett has filed a timely application for reopening. Appellant argues that his appellate counsel was allegedly ineffective for not asserting that the trial court failed to advise him of his constitutional right to confront his accusers prior to accepting his guilty pleas. The state has opposed the application to reopen.

**{¶3}** In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant as follows:

> [T]he two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*. at 25. The applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland.*

**{¶4}**   The transcript that Crockett has attached to his application demonstrates that the trial court did advise him of his right to confront witnesses, which is set forth in the following excerpt:

> THE COURT: Now, at the time of the trial, the State of Ohio has the burden of proving your guilty by evidence beyond a reasonable doubt.   The way they would do that, they would call witnesses to the stand here.   When they did that, your attorneys would have the opportunity to question or cross-examine those witnesses.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You also have the right to call witnesses to testify in your behalf. And if those folks didn't want to come to court, [defense counsel] could ask me to go send the sheriffs out to grab those folks and bring them here and make them testify for you.
>
> Do you understand that?
>
> THE DEFENDANT:  Yes, Your Honor.

**{¶5}** This court has previously held that "[b]y advising [a defendant] that his attorneys could cross-examine each one of the state's witnesses, the trial court properly conveyed [the right to confront ones accusers] to [the defendant]." *State v. Hanson*, 8th Dist. Cuyahoga No. 99362, 2013-Ohio-3916, ¶ 20, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 88464, 2008-Ohio-446; *see also State v. Millhouse, Jr.*, 8th Dist. Cuyahoga No. 79910, 2002-Ohio-2255, ¶ 47 ("the right to confront witnesses against a defendant is done by the process of cross-examination of witnesses called by the state to testify against the accused," and therefore, a record that reflects the trial court   informed the defendant that he had the right to cross-examine witnesses prior to accepting a guilty plea "supports the conclusion that the court explained and [the defendant] knew he would waive the right to confront witnesses against him by entering his guilty plea.")

**{¶6}** Applicant's sole proposed assignment of error is contradicted by the record and does not establish a colorable claim of ineffective assistance of appellate counsel.

**{¶7}** Crockett has not met the standard for reopening. Accordingly, the application for reopening is denied.

---

MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR