[Cite as *State v. Ladson*, 2016-Ohio-3455.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103361**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SONYIA LADSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-590002-A and CR-14-590513-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 16, 2016

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
400 Terminal Tower
50 Public Square
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Edward D. Brydle
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Sonyia Ladson, appeals her convictions and sentence following a guilty plea. For the reasons that follow, we affirm.

{¶2} In October 2014, Ladson was indicted under Cuyahoga C.P. No. CR-14-590002 with one count each of illegal processing of drug documents, deception to obtain a dangerous drug, and drug possession.

{¶3} In February 2015, Ladson was named in a 142-count indictment filed under Cuyahoga C.P. No. CR-14-590513, charging her with 46 counts each of illegal processing of drug documents, deception to obtain a dangerous drug, and drug possession; and four counts of practicing medicine without a license.

{¶4} Ladson entered into a plea agreement in both cases. In Case No. CR-14-590002, Ladson pleaded guilty to deception to obtain a dangerous drug, a third-degree felony. All other charges in that case were dismissed. In Case No. CR-14-590513, she pleaded guilty to 23-counts of deception to obtain a dangerous drug (fourth-degree felonies) and two counts of practicing medicine without a license, felonies of the fifth degree. All other charges in that case were dismissed.

{¶5} In Case No. CR-14-590002, Ladson was sentenced to 36 months in prison on the charge of deception to obtain a dangerous drug. In Case No. CR-14-590513, the trial court imposed concurrent 18-month sentences on each count of deception to obtain a dangerous drug. The court imposed a 12-month prison sentence on each count of practicing medicine without a license, consecutive to each other and consecutive to the

previous counts, for a total prison term of three and one-half years. The trial court also ordered that the sentences imposed under CR-14-590002 and CR-14-590513 run consecutively to each other. Therefore, Ladson would serve a total prison term of six and one-half years for these two cases.

{¶6} Ladson appeals, raising three assignments of error.

## I. Crim.R. 11 — Plea Colloquy

{¶7} In her first assignment of error, Ladson contends that the trial court erred and violated Crim.R. 11 when it did not inform her that she had a right to confront the witnesses against her at trial.

{¶8} This court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

{¶9} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶10} To ensure that a felony plea is knowingly, intelligently, and voluntarily entered into, a trial court must follow the dictates of Crim.R. 11(C)(2). This rule provides

that the court must address the defendant personally and (1) determine that she understands the nature of the charges against her and of the maximum penalty involved, (2) inform her of and determine that she understands the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3) inform her of and determine that she understands the constitutional rights she is giving up by entering into her plea. Crim.R. 11(C)(2)(a) - (c).

{¶11} Crim.R. 11(C)(2)(c) sets forth a defendant's constitutional rights as follows:

Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶12} In differentiating between constitutional rights and nonconstitutional rights under Crim.R. 11(C), courts have held that strict compliance with the rule is required if the appellant raises a constitutional right delineated in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶13} In this case, Ladson contends that the trial court failed to strictly comply with Crim.R. 11(C)(2) because it failed to advise her that "she had a right to confront the witnesses against her." Ladson admits that the court advised her that she has the "right to cross-examine witnesses," but maintains that "cross-examine"and "confrontation" are

not synonymous when discussing a defendant's constitutional rights during a plea colloquy.

{¶14} This court has previously reviewed and rejected this exact argument, most recently in *State v. Crockett*, 8th Dist. Cuyahoga No. 100923, 2015-Ohio-300.

> This court has previously held that "[b]y advising [a defendant] that his attorneys could cross-examine each one of the state's witnesses, the trial court properly conveyed [the right to confront one[']s accusers] to [the defendant]." *State v. Hanson*, 8th Dist. Cuyahoga No. 99362, 2013-Ohio-3916, ¶ 20, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 88464, 2008-Ohio-446; *see also State v. Millhouse, Jr.*, 8th Dist. Cuyahoga No. 79910, 2002-Ohio-2255, ¶ 47 ("the right to confront witnesses against a defendant is done by the process of cross-examination of witnesses called by the state to testify against the accused," and therefore, a record that reflects the trial court informed the defendant that he had the right to cross-examine witnesses prior to accepting a guilty plea "supports the conclusion that the court explained and [the defendant] knew he would waive the right to confront witnesses against him by entering his guilty plea.")

*Id*. at ¶ 5.

{¶15} Accordingly, Ladson's first assignment of error is overruled.

II.   Consideration of R.C. 2929.11 and 2929.12

{¶16} Ladson contends in her second assignment of error that the trial court erred when it sentenced her to the maximum possible prison sentence for each charge without fully analyzing the statutory factors in R.C. 2929.11 and 2929.12, and taking into account the mitigating factors.

{¶17} When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.  *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025,

¶ 7.  R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes.  The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders."  R.C. 2929.11(B).

{¶18} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.  *Hodges* at ¶ 9.  R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶19} This court has held that a trial court fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors at sentencing. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 11, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14.  The trial court need not refer to each factor on the record; it is sufficient if the court acknowledges that it has complied with its statutory duty to consider the factors.  *Hinton* at ¶ 11.  This court has found that a trial court's statement in its sentencing journal entry that it considered the required

statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶20} In this case, the trial court fully analyzed the statutory factors contained in R.C. 2929.11 and 2929.12, including all mitigating factors, prior to imposing sentence. Although not mentioning the specific statute, the trial court recited the language found in R.C. 2929.11 regarding the overall purposes of sentencing. The trial court then expressly stated on the record that it was considering and complying with the felony sentencing statutes, including R.C. 2929.12, 2929.13, and 2929.14. The trial court specifically considered and weighed the factors contained in R.C. 2929.12, indicating on the record which factors demonstrated Ladson's conduct that was more, and less, serious. The court also considered the likelihood of recidivism, noting that Ladson was previously convicted for similar offenses in 2005, 2006, and 2009. The court also noted that she had previously served time in prison. The record clearly shows that the court also considered Ladson's mitigating evidence, while weighing it against her prior convictions for the same offenses, past imprisonment, and the nature of the current offenses, including the harm suffered by two of the victims. Accordingly, the record demonstrates that the trial court thoroughly and completely considered, analyzed, and discussed on the record all relevant statutory factors prior to imposing sentence. Finally, the trial court's journal entry stated that "the court considered all required factors of the law," and "that prison is consistent with the purpose of R.C. 2929.11."

{¶21} The second assignment of error is overruled.

### III. Consecutive Sentences

**{¶22}** In her third assignment of error, Ladson contends that the trial court erred when it imposed consecutive sentences. Specifically, she contends that trial court's findings were incomplete. We disagree.

**{¶23}** R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

**{¶24}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶25}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

**{¶26}** Here, the trial court made the requisite R.C. 2929.14(C)(4) findings in support of its imposition of consecutive sentences. In making the first finding, the court stated that "consecutive sentences are necessary between certain counts and between the cases to protect the public. * * * It's also necessary to punish you." (Tr. 65.) In making the second finding, the court stated, "Also under 2929.14(C), the Court finds that its sentence is not disproportionate to the seriousness." (Tr. 66.) The court then discussed how Ladson's actions affected the public, including that she used deception to obtain the

drugs and that she has a history of engaging in this illegal activity. (Tr. 66.) In making the third finding, the court stated that Ladson's "offenses were committed as a course of conduct." (Tr. 67.) The court also noted that the "harm to the public is great as well as the harm to the individual victims who received the injections. The harm is so great that no single prison term adequately reflects the seriousness of [Ladson's] conduct." (Tr. 67.)

{¶27} In light of the foregoing, we conclude that the trial court made the appropriate consecutive sentence findings and engaged in the analysis required under R.C. 2929.14(C)(4). We cannot "clearly and convincingly" find that the record does not support the court's findings. Furthermore, the trial court properly incorporated its findings into the journal entry of sentencing, as required. *Bonnell*, 140 Ohio St.3d at syllabus, 2014-Ohio-3177, 16 N.E.3d 659.

{¶28} Accordingly, Ladson's third assignment of error is overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR