[Cite as *State v. Wyatt*, 2017-Ohio-8319.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105332**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL A. WYATT, III

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-597560-A, CR-16-604654-A, and CR-16-609331-A

**BEFORE:** E.T. Gallagher, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 26, 2017

**ATTORNEY FOR APPELLANT**

Sarah R. Cofta
P.O. Box 16425
Cleveland, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Ashley B. Kilbane
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Paul A. Wyatt, III, appeals his convictions and raises the following sole assignment of error:

> The trial court failed to comply with Crim.R. 11(C)(2), to the prejudice of appellant, who did not knowingly, intelligently, and voluntarily enter into his guilty plea for aggravated robbery.

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} Wyatt was charged with one count of grant theft, with a one-year firearm specification, in Cuyahoga C.P. No. CR-15-597560-A. The trial court granted Wyatt entry into a pretrial diversion program, and he almost immediately violated the community control sanctions related to the program. The court gave Wyatt a second chance and allowed him to start over in the diversion program. However, a month later, the Cuyahoga County Grand Jury returned a new indictment in Cuyahoga C.P. No. CR-16-604654-A, charging Wyatt with two counts of robbery, one count of theft, and one count of kidnapping. Wyatt pleaded guilty to the theft charge and to an amended count of aggravated theft. The other two counts were nolled. Wyatt's convictions made him ineligible for the diversion program, and the court now had to sentence Wyatt in both Case Nos. C.P. CR-16-604654-A and CR-15-597560-A.

{¶4} Before Wyatt was sentenced, the Cuyahoga County Grand Jury returned yet another indictment against Wyatt in Case No. CR-16-609331-A. The new indictment charged Wyatt with one count each of aggravated robbery, robbery, kidnapping, and

carrying a concealed weapon. The charges included one- and three-year firearm specifications, and the carrying a concealed weapon charge included a forfeiture specification. Pursuant to a plea bargain, Wyatt agreed to plead guilty to one count of aggravated robbery, with a one-year firearm specification, and one count of carrying a concealed weapon, with the forfeiture specification. The state agreed that the remaining counts would be nolled.

{¶5} A substitute judge rather than the assigned judge accepted Wyatt's guilty pleas in Case No. CR-16-609331-A. During the plea colloquy, Wyatt asked if he could return home to be with his family until sentencing. The substitute judge advised Wyatt that the assigned judge would have to make that decision and asked Wyatt's trial counsel if he had any "problems" with the substitute judge taking the plea on behalf of the assigned judge. Counsel replied, "No, your Honor. We thank you for doing so." (Tr. 74.) Wyatt subsequently pleaded guilty to all three charges.

{¶6} The court sentenced Wyatt on all three cases at a single sentencing hearing. In Case No. CR-15-597560-A, the court sentenced Wyatt to 12 months in prison, to be served concurrently with the sentences in the other two cases. In Case No. CR-16-604654-A, the court sentenced Wyatt to 180 days in the county jail to be served concurrently with the other two cases. And in Case No. CR-16-609331-A, the court sentenced Wyatt to an aggregate five-year prison term on all the charges, including the one-year firearm specification, to be served concurrently with the sentences in the other two cases. The court imposed costs and expenses for all three cases and gave Wyatt 75

days of jail-time credit. Wyatt now appeals his convictions in Case No. CR-16-609331-A.

## II. Law and Analysis

{¶7} In the sole assignment of error, Wyatt argues he did not knowingly, intelligently, or voluntarily enter his guilty pleas in Case No. CR-609331-A because the trial court failed to specifically inform him that he was subject to a mandatory, minimum four-year prison term.

{¶8} Guilty pleas are governed by Crim.R. 11. As relevant here, Crim.R. 11(C)(2)(a) provides that, before a trial court may accept a guilty plea, the court must first address the defendant personally and determine:

> that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Under Crim.R. 11(C)(2)(a), the trial court must make sure that, before a defendant pleads guilty to a felony, he or she understands (1) the nature of the charges; (2) the maximum penalty involved, and, if applicable; (3) that the defendant is not eligible for community control sanctions, i.e., prison is mandatory.

{¶9} A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. For nonconstitutional rights, such as the right to be informed of the maximum penalty involved and the mandatory nature of a prison sentence, substantial compliance

with the rule is usually sufficient. *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977).

{¶10} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93. "[A] slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *Nero* at 108.

{¶11} If an appellate court finds that a trial court did not substantially comply with a requirement of Crim.R. 11(C)(2)(a), which governs the advisement of nonconstitutional rights, the appellate court must make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Clark* at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, i.e., "'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108. If, however, the trial court completely failed to comply, the plea must be vacated because "'[a] complete failure to comply with the rule does not implicate an analysis of prejudice.'" *Id.,* quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶12} Before Wyatt entered his guilty pleas, the substitute judge asked him if he had any questions regarding the case or any aspects of the plea hearing. In response,

Wyatt asked: "Due to me copping out to a year, can I make arrangements for my family?"

Wyatt asserts the phrase "copping out to a year" proves he mistakenly believed he was only going to be sentenced to one year in prison, and that he did not understand that he faced a mandatory, minimum four-year sentence by virtue of his guilty pleas in Case No. CR-16-609331-A. He relies on *State v. Tutt*, 8th Dist. Cuyahoga No. 102687, 2015-Ohio-5145, to support his argument.

{¶13} In *Tutt*, we held that

> where a defendant faces a mandatory prison sentence as a result of a guilty or no contest plea, the trial court must determine, prior to accepting a plea, that the defendant understands that he or she is subject to a mandatory prison sentence and that as a result of the mandatory prison sentence, he or she is not eligible for probation or community control sanctions.

*Id.* at ¶ 19. A trial court may meet this requirement by (1) expressly informing the defendant that he or she is subject to a mandatory prison sentence and therefore does not qualify for community control sanctions, or (2) confirming the defendant's subjective understanding of the mandatory nature of the prison term from the totality of the circumstances. *Id.*, citing *State v. Smith*, 8th Dist. Cuyahoga No. 83395, 2004-Ohio-1796; *State v. McLaughlin*, 8th Dist. Cuyahoga No. 83149, 2004-Ohio-2334, ¶ 19.

{¶14} In *McLaughlin*, we held that "the trial court need not specifically inform the defendant he is 'ineligible for probation' if the totality of the circumstances warrant the trial court in making a determination the defendant understands the offense is 'nonprobational.'" *Id.* at ¶ 19, citing *Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474.

**{¶15}** We vacated Tutt's no contest pleas because although the trial court properly advised Tutt of the maximum potential penalties he could receive, it failed to expressly state that prison was mandatory, and the totality of the circumstances failed to demonstrate that Tutt subjectively understood that prison was mandatory. *Id.* at ¶ 26. Indeed, the trial court misled Tutt into believing that prison terms on the base offenses were optional because it advised him that on his two first-degree felonies he could be sentenced to "anywhere from 3 to 11 years in prison * * * *and/or* a fine up to $20,000." *Tutt* at ¶ 7. (Emphasis added.) This instruction erroneously suggested that Tutt could receive either a prison term, a fine, or both. Therefore, we found because the trial court failed to mention the mandatory nature of the prison terms, the trial court "wholly failed" to comply with Crim.R. 11(C)(2)(a) before accepting Tutt's no contest pleas, and Tutt was not required to demonstrate prejudice in order to have his no contest pleas vacated. *Id.* at ¶ 29-31.

**{¶16}** At the plea hearing in this case, the trial court explained to Wyatt the applicable sentencing ranges on the base counts in addition to the prison term on the attendant firearm specification, as follows:

> THE COURT: Count 1 has been amended by deletion of the three-year firearm specification. Count 1 is a felony of the first degree. That's punishable by 3 up to 11 years in prison. That's in yearly increments.
>
> There is also a one-year firearm specification that has to be served in addition to and before the sentence of 3 to 11 years on the felony 1. There is also the potential of a $20,000 fine. Count 4 is a felony of the fourth degree, punishable by 6 to 18 months in prison and a possible $5,000 fine.
>
> *    *    *

Do you understand those penalties?

THE DEFENDANT: Can you repeat that, please[?]

THE COURT: Okay. Count 1 is aggravated robbery, a felony of the first degree. Felonies of the first degree are punishable by 3, 4, 5, 6, 7, 8, 9, 10 or 11 years in prison. The judge picks one. There is also a one-year firearm specification.

Because of the one-year firearm specification, that adds an additional year to the base crime of aggravated robbery. Count 4, CCW, is felony of the fourth degree. That's punishable by 6 to 18 months prison and a possible $5,000 fine.

Do you understand that so far?

THE DEFENDANT: Yes.

(Tr. 70-71.)

{¶17} The trial court did not expressly use the word "mandatory," or state that Wyatt was ineligible for community control sanctions. However, in contrast to the circumstances involved in *Tutt*, Wyatt requested clarification of the possible sentences he could receive, and the court explained that the one-year sentence on the firearm specification would be served *in addition* to the possible range of prison terms applicable to the aggravated robbery offense.

{¶18} Further, Wyatt's "copping out to a year" language does not mean that Wyatt believed he would serve a maximum of one year in prison. Wyatt indicated he understood that he would have to serve at least one year in prison on the firearm specification in addition to whatever sentence the court were to select from the range of sentences applicable to first-degree felonies. The court explained that the shortest prison

term in the sentencing range on the aggravated robbery offense was three years. Wyatt indicated that he understood these penalties after the court explained them to him twice.

{¶19} Although the court could have made it more clear that Wyatt had to serve a mandatory minimum of four years in prison, the totality of the circumstances demonstrated that Wyatt understood the mandatory nature of the prison sentence. Therefore, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a), and Wyatt has not demonstrated that he was prejudiced by the court's failure to use the magic words "mandatory" or "ineligible for community control."

{¶20} The sole assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and

ANITA LASTER MAYS, J., CONCUR