[Cite as *State v. Ventura*, 2024-Ohio-2311.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240051<br>TRIAL NO. B-2105358 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ANTHONY VENTURA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 18, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Anthony Ventura appeals from the trial court's judgment sentencing him to two 11-year sentences on two counts of rape, to be served consecutively, for an aggregate term of 22 years. In his sole assignment of error, Ventura argues that the trial court erred in imposing consecutive sentences without making the required findings under R.C. 2929.14(C)(4). Ventura also suggests that, because the trial court considered nonstatutory factors in imposing consecutive terms of imprisonment, he should have received the presumptive concurrent time for an 11-year sentence rather than the aggregate 22-year sentence.

{¶2} We agree with Ventura that the trial court failed to make the required findings under R.C. 2929.14(C)(4) pertaining to the necessity and proportionality of consecutive sentences. Accordingly, we reverse the imposition of consecutive sentences and remand the matter to the trial court for resentencing.

### *Factual and Procedural Background*

{¶3} Ventura was indicted for two counts of rape in violation of R.C. 2907.02. The indictment alleged that Ventura engaged in fellatio with two children, who were under five years old.

{¶4} Ventura initially pleaded not guilty, but on October 30, 2023, withdrew his pleas of not guilty in exchange for the prosecutor's agreement not to seek a mandatory life prison sentence for the offenses. The trial court accepted Ventura's pleas of guilty to two counts of rape.

{¶5} On January 4, 2024, the trial court held a sentencing hearing at which Ventura was sentenced to the maximum sentence of 11 years on both counts of rape. The trial court ordered Ventura to serve the sentences consecutively for a total

aggregate sentence of 22 years. Ventura was further classified as a Tier III sex offender pursuant to R.C. Chapter 2950.

{¶6} Ventura now appeals.

### *Consecutive Sentences*

{¶7} In his sole assignment of error, Ventura argues the trial court erred in imposing consecutive sentences where it failed to make the required findings under R.C. 2929.14(C)(4). The state concedes the error.

{¶8} The Ohio Supreme Court set forth specific standards for appellate review of consecutive sentences in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28-29. *Bonnell* directs us to "review the record, including the findings underlying the sentence and to modify or vacate the sentence if [we] clearly and convincingly find that the record does not support the sentencing court's findings under division (C)(4) of section 2929.14 of the Revised Code." *Id*. at ¶ 28. But where the trial court makes no findings under subsection (C)(4), *Bonnell* imposes different rules. *Id*. at ¶ 29. A trial court *must* state the required findings as part of the sentencing hearing to give notice to the defendant of the basis for imposing consecutive terms of imprisonment. *Id*. And these findings should be incorporated into the sentencing entry as well. *Id*. While a "word-for-word recitation" of the statute is not required, the record must contain some indication that the trial court engaged in the correct analysis for the appellate court to uphold the consecutive-sentencing findings. *Id*.

{¶9} In a more recent case, the Ohio Supreme Court refined the *Bonnell* standard, holding that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial

3

court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5. But, as we observed in *State v. Mathews*, 1st Dist. Hamilton No. C-240016, 2024-Ohio-1863, ¶ 24, *Bonnell* rather than *Gwynne* applies when the trial court completely failed to make the required findings under R.C. 2929.14(C)(4). Ventura's case is such a situation.

{¶10} Under R.C. 2929.14(C)(4), a court may impose consecutive prison terms:

if the court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶11}**  In neither its sentencing entry nor at the sentencing hearing did the trial court make any of these findings, besides a determination that Ventura qualified for consecutive sentences under R.C. 2929.14(C)(4)(b).  Instead, at the hearing, the trial court explained its basis for consecutive sentences as follows:

I am going to make a finding that consecutive sentences are warranted because of the ages of the victims, the harm caused to the victims, and just the lack of remorse.  It's the lack of even trying to do anything to even show that you are sorry to make an effort to rehabilitate yourself.  Basically you just stayed out for two years and did nothing.

And in its sentencing entry, the trial court wrote:

In imposing the forgoing sentences the court has given consideration to the number of sentences run consecutively and the aggregate term of imprisonment imposed upon the defendant.

* * *

Specifically, the court finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm cause by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct.

{¶12} In reaching this decision, the trial court failed to make the required findings contained in R.C. 2929.14(C)(4) that consecutive sentences were necessary to protect the public or punish the offender and that consecutive sentences were not disproportionate to the seriousness of Ventura's conduct and to the danger he posed to the public. While the trial court need not cite every word of the statute, the trial court must still demonstrate that it made *all* of the required findings under R.C. 2929.14(C)(4). And here, the trial court did not discuss the seriousness and proportionality factors under R.C. 2929.14(C)(4). Thus, we cannot discern that the trial court made the necessary findings under R.C. 2929.19(C)(4) in imposing consecutive sentences.

{¶13} Faced with similarly deficient sentencing entries, courts, including this one, have reversed the imposition of consecutive sentences and remanded the cause to the trial court for a new sentencing hearing on the issue of consecutive sentences. *See, e.g.*, *Mathews*, 1st Dist. Hamilton No. C-240016, 2024-Ohio-1863; *State v. Hoy*, 10th Dist. Franklin Nos. 23AP-38, 23AP-39, 23AP-40, 23AP-41, 23AP-42, 23AP-43, 23AP-44, 23AP-45, 23AP-46, and 23AP-47, 2024-Ohio-1555; State *v. Schaus*, 6th Dist. Lucas No. L-23-1146, 2024-Ohio-1515. We reach the same conclusion here.

{¶14} We therefore sustain Ventura's assignment of error, reverse the imposition of consecutive sentences, and remand this cause for resentencing consistent with the requirements of R.C. 2929.14(C)(4).

Judgment reversed and cause remanded.

**BOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.