[Cite as *State v. Stanley*, 2025-Ohio-358.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :         APPEAL NO.   C-240356
                                            TRIAL NO.    B-2301177
    Plaintiff-Appellee,          :

  vs.                             :
                                                  *O P I N I O N*
MYSHAWN STANLEY,                  :

    Defendant-Appellant.         :



Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 5, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

**Bock, Judge.**

**{¶1}** Defendant-appellant Myshawn Stanley asserts that the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) when it accepted his guilty pleas. Because the trial court discussed with Stanley all the constitutional rights Crim.R. 11(C)(2)(c) required the court to explain, we overrule Stanley's assignment of error and affirm the trial court's judgment.

## *I.    Factual and Procedural History*

**{¶2}** The State indicted Stanley on two counts of murder with firearm specifications, one count of felonious assault with a firearm specification, one count of tampering with evidence, and one count of having weapons while under a disability.

**{¶3}** Stanley and the State entered an agreed plea in which Stanley agreed to plead guilty to an amended charge of involuntary manslaughter with a firearm specification, felonious assault, and tampering with evidence. They also agreed to an aggregate sentence of 25-to-30 years and six months of incarceration. The trial court accepted Stanley's guilty pleas and imposed the agreed sentence.

## *II.    Analysis*

**{¶4}** Stanley's assignment of error argues that the trial court failed to inform him of the constitutional rights he was waiving by pleading guilty. When reviewing a trial court's acceptance of a guilty plea, an appellate court conducts a de novo review and must independently review the record to ensure the trial court complied with the relevant procedural safeguards. *State v. Cook*, 2024-Ohio-4771, ¶ 31 (1st Dist.). The ultimate issue for the court is whether the defendant entered a knowing, intelligent, and voluntary plea. *State v. Dailey*, 2024-Ohio-3166, ¶ 3 (1st Dist.).

**{¶5}** Crim.R. 11(C) sets out the requirements with which a trial court must comply when accepting a guilty plea to a felony offense. The trial court must strictly

comply with Crim.R. 11(C)(2)(c) in informing a defendant of the constitutional rights waived by pleading guilty. *Cook* at ¶ 32. Specifically, the trial court must ensure the defendant understands that, in pleading guilty,

> the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(c).

**{¶6}** A trial court does not need to recite the language of Crim.R. 11(C)(2)(c) verbatim. *Dailey* at ¶ 5. Instead, the trial court must explain the rights set out in the rule "in a manner reasonably intelligible to that defendant." *Id.*, quoting *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus. If a trial court fails to strictly comply with the rule's constitutional requirements, any resulting plea is invalid. *State v. Foster*, 2018-Ohio-4006, ¶ 15 (1st Dist.).

**{¶7}** Here, the trial court strictly complied with Crim.R. 11(C)(2)(c)'s requirements. During the plea colloquy, the following exchange took place:

> THE COURT: And you understand you have the right to have me, as the Judge, or to have a jury determine your guilt or innocence?
>
> STANLEY: Yes, ma'am.
>
> THE COURT: At trial the prosecutor would have to prove your guilt beyond a reasonable doubt on each and every element of the crimes charged. Your attorneys could obtain witnesses to testify on your behalf at trial, and they could also cross-examine any witnesses that testified against you. Understand all of that?

STANLEY: Yes, ma'am.

THE COURT: And obviously you couldn't be forced to testify against yourself. And, finally, any appeal would have to be filed within 30 days of sentencing. Do you have any questions?

STANLEY: No, ma'am.

THE COURT: You voluntarily give up all these rights?

STANLEY: Yes, ma'am.

**{¶8}** The trial court covered each constitutional right listed in Crim.R. 11(C)(2)(c) and strictly complied with the rule. We overrule Stanley's assignment of error.

### III.    Conclusion

**{¶9}** We overrule Stanley's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.