[Cite as *State v. Lucas*, 2025-Ohio-1645.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240377 |
| | | TRIAL NO. B-2305489 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| BRENDEN LUCAS, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is reversed, defendant's guilty pleas are vacated, and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 5/8/2025 per order of the court.**

**By:**_____
     **Administrative Judge**

[Cite as *State v. Lucas*, 2025-Ohio-1645.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240377 |
| | | TRIAL NO. B-2305489 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| BRENDEN LUCAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed, Pleas Vacated, and Cause Remanded

Date of Judgment Entry on Appeal: May 8, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**NESTOR, Judge.**

**{¶1}** Defendant-appellant Brenden Lucas was indicted on several counts of rape and another sex-related crime, and he eventually pleaded guilty to three charges in exchange for the dismissal of the remaining four charges. At the plea hearing, the trial court engaged in the necessary plea colloquy, but Lucas asserts that it did so insufficiently. Before the trial court sentenced Lucas, he filed a motion to withdraw his guilty pleas, and at the hearing on that motion, Lucas provided minimal reasoning for his desire to do so. The trial court ultimately denied his motion. The trial court's plea colloquy, its denial of his motion to withdraw those pleas, and his counsel's assistance at that hearing all form the basis for this appeal. After reviewing the record, we agree with Lucas that the trial court's plea colloquy was constitutionally insufficient, and we accordingly reverse the trail court's judgment and vacate his guilty pleas.

## I. *Factual and Procedural History*

**{¶2}** The underlying facts of this case are not ultimately at issue in this appeal, but they provide the backdrop to our discussion. In November 2023, Lucas was indicted on six counts of rape under R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition under R.C. 2907.05(A)(4). The indictment alleged that Lucas engaged in sexual intercourse with his half-sister, who was under 13 years of age at the time, and forced her to perform fellatio. The victim became pregnant, and the DNA of the fetus allegedly matched the defendant's DNA.

**{¶3}** Several months after the indictment, Lucas pleaded guilty to three counts of rape in exchange for the dismissal of the remaining four charges. At the plea hearing, the trial court went through the required colloquy, but in doing so, it asked Lucas whether he understood that he was "giving up [his] right to have witnesses

3

against [him]," when discussing his constitutional right to confront adverse witnesses.

{¶4} Prior to sentencing, Lucas filed a motion to withdraw his guilty pleas. At the hearing, when the trial court asked Lucas why he wished to withdraw his guilty pleas, he stated that he thought he could get a better deal, and that he felt as though he was under "duress" at the plea hearing (although he did not elaborate on that point). When asked by the trial court, Lucas's counsel did not provide further reasoning for the motion, noting that Lucas did not provide counsel any more information than he did to the trial court. After hearing the State's position, the trial court considered each party's arguments, and it ultimately denied Lucas's motion, noting that his counsel was highly competent, he was provided the requisite hearings, he likely did not have any defenses to his charges or was otherwise potentially not guilty, and he provided minimal reasoning for his motion.

{¶5} Lucas now asserts three assignments of error, all revolving around his guilty pleas and his motion to withdraw the pleas. He argues that the trial court's informing him that he had the right to "have witnesses against him" ran afoul of constitutional standards and rendered his pleas invalid. Furthermore, he argues that the trial court erred in denying his motion to withdraw his guilty pleas and that his counsel provided ineffective assistance at the motion hearing, as he only submitted a one-sentence motion on Lucas's behalf. We need only discuss his first assignment of error, as it is dispositive.

## II. Analysis

### a.

{¶6} "We review the record de novo to determine whether the trial court followed the relevant constitutional and procedural standards in accepting [a defendant's] guilty plea." *State v. Cook*, 2024-Ohio-4771, ¶ 31 (1st Dist.), citing *State*

*v. Mathews*, 2024-Ohio-1863, ¶ 13 (1st Dist.). "[T]he ultimate inquiry is whether the defendant's plea was entered in a knowing, intelligent, and voluntary manner." *State v. Dailey*, 2024-Ohio-3166, ¶ 3 (1st Dist.), citing *State v. Veney*, 2008-Ohio-5200, ¶ 7.

**{¶7}** Here, the issue is whether the trial court's language at Lucas's plea hearing rendered his subsequent pleas unknowing, unintelligent, and involuntary. Crim.R. 11 controls the trial court's procedures in guilty plea proceedings, and the "court must strictly comply with the rule with regard to constitutional rights." *Cook* at ¶ 32, citing *Mathews* at ¶ 13, citing *State v. Foster*, 2018-Ohio-4006, ¶ 14-16 (1st Dist.). However, the "trial court is not required to recite the exact language contained in Crim.R. 11(C)(2)." *Dailey* at ¶ 5, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus. A deviation from the exact language suffices if it "[is] done 'in a manner reasonably intelligible to that defendant.'" *Id.*, quoting *Ballard* at paragraph two of the syllabus. But it must be apparent from the record that the "'defendant was meaningfully informed of the specific rights enumerated in [the rule].'" *Id.*, quoting *Ballard* at 480. Therefore, the trial court is required to "inform the defendant and determine that the defendant underst[ood] that by pleading guilty, [he] waiv[ed] the right to 'confront witnesses against him.'" *Id.* at ¶ 4, quoting Crim.R. 11(C)(2)(c).

**{¶8}** Again, in referencing the right to confront witnesses against him, the trial court asked Lucas whether he knew that he was waiving the right to "have" witnesses against him, and it provided no further explanation as to what that meant. This is a deviation from the language in Crim.R. 11(C)(2)(c), which requires the trial court to "[i]nform[] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the right[] . . . to *confront* witnesses against him . . . ." (Emphasis added.) "Confronting" adverse witnesses connotes that the

defendant would have had the opportunity to cross-examine those witnesses. In fact, various appellate courts have held that a deviation from the rule's language is not fatal to a plea when language explaining that the defendant is waiving the right to "cross-examine" adverse witnesses is included. *See State v. Stanley*, 2025-Ohio-358, ¶ 7-8 (1st Dist.); *State v. Ladson*, 2016-Ohio-3455, ¶ 13-14 (8th Dist.) ("Ladson admits that the court advised her that she has the 'right to cross-examine witnesses,' but maintains that 'cross-examine' and 'confrontation' are not synonymous when discussing a defendant's constitutional rights during a plea colloquy. This court has previously reviewed and rejected this exact argument . . . ."); *State v. Martinez*, 2004-Ohio-6806, ¶ 13 (7th Dist.) ("[T]he trial court strictly complied with Crim.R. 11(C) by informing Martinez of the constitutional rights he was waiving by entering a guilty plea. Specifically, the trial court informed him of his right to . . . cross-examine witnesses . . . ."). In other words, the "cross-examine" language (while not required) readily explains the right the defendant is waiving to "confront" adverse witnesses.

{¶9} Such language was not present in the trial court's colloquy in this case, and as noted above, the trial court provided no further explanation as to what it meant to "have" witnesses against Lucas. A criminal defendant might reasonably conclude that the best outcome in any case would be to have no witness testify. Without the statutory or explanatory language, we cannot say that Lucas understood what "having" witnesses against him meant, and thus, the trial court's language cannot be said to be "a reasonably intelligible description that adequately informed [the defendant] of his right to confront the witnesses against him." *See Dailey*, 2024-Ohio-3166, at ¶ 6 (1st Dist.). At a minimum, a Crim.R. 11 colloquy should advise a defendant of the right to cross-examine the State's witnesses. The language used by the trial court coupled with the lack of any description of what it meant to "have witnesses against" Lucas renders

his guilty pleas unknowing, unintelligent, and involuntary.

**{¶10}** Accordingly, we sustain Lucas's first assignment of error.

### b.

**{¶11}** Because we have sustained Lucas's first assignment of error, his remaining two assignments of error are rendered moot and we do not address them.

### III.    Conclusion

**{¶12}** Based on the foregoing analysis, we reverse the trial court's judgment convicting Lucas of rape, vacate Lucas's guilty pleas, and remand the cause to the trial court for further proceedings.

Judgment reversed, pleas vacated, and cause remanded.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.